IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LUIS ALONSO SOLANO-CRUZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:11cv851-WKW |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

## I. INTRODUCTION

On November 2, 2010, the petitioner, Luis Alonso Solano-Cruz ("Solano-Cruz"), pled guilty under a plea agreement to conspiracy to posses with intent to distribute a controlled substance, methamphetamine and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. After a sentencing hearing on January 6, 2011, the district court sentenced Solano-Cruz to 135 months in prison, to be served concurrently with a federal sentence Solano-Cruz was serving for a drug conviction in the United States District Court for the District of Arizona. Solano-Cruz did not appeal from his conviction in this court.

On October 3, 2011, Solano-Cruz filed this § 2255 motion asserting claims that his trial counsel was ineffective assistance for (1) failing to argue that venue for the conspiracy charge was improper in the Middle District of Alabama and (2) failing to inform him of a

potential "buyer-seller" defense claiming Solano-Cruz was merely involved in a buyer-seller relationship with his codefendants, not a conspiracy. Doc. No. 1 at 4-12.[1]

The Government argues that Solano-Cruz's claims of ineffective assistance of counsel are without merit. Doc. No. 6. Solano-Cruz was afforded an opportunity to reply to the Government's response and has done so. Doc. No. 10. After due consideration of Solano-Cruz's § 2255 motion, the submissions supporting and opposing the motion, and the record in this case, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the § 2255 motion should be denied.

## II.  DISCUSSION

### A.  *Ineffective Assistance of Counsel*

To prevail on a claim of ineffective assistance of counsel, a movant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a movant to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id*. at 687-89. The prejudice prong requires a movant to demonstrate that

---

[1] References to document numbers ("Doc. No.") in this Recommendation are to those assigned by the Clerk of Court to pleadings docketed in this action or, where indicated, in the underlying criminal case, Case No. 2:07cr282-WKW. References to exhibits ("Ex.") are to those filed by the Government with its response to the § 2255 motion. Page references are to those assigned by CM/ECF.

seriously deficient performance of his counsel prejudiced the defense. *Id*. at 687.

There is a strong presumption that counsel's performance was reasonable and adequate, and great deference is shown to choices dictated by reasonable trial strategy. *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994); *see Strickland*, 466 U.S. at 689. Review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel, based on facts "as they were known to counsel *at the time of the representation*." *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992) (emphasis in original); *see Strickland*, 466 U.S. at 689-90.

To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372.

Unless a movant satisfies both prongs of the *Strickland* inquiry, relief should be

denied. *Strickland*, 466 U.S. at 687. Accordingly, a court need not "address both components of the inquiry if the [movant] makes an insufficient showing on one." *Id*. at 697. *See, e.g., Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998) ("if a defendant cannot satisfy the prejudice prong, the court need not address the performance prong").

### B. Counsel's Failure to Challenge Venue in Middle District of Alabama

Solano-Cruz contends that his lawyer rendered ineffective assistance of counsel by failing to argue that venue for the drug-conspiracy charge was improper in the Middle District of Alabama and that he should not have been prosecuted on the charge in a federal court sitting in Alabama. Doc. No. 1 at 4-8. In this regard, Solano-Cruz says there is no evidence that he committed any acts in furtherance of the conspiracy in the State of Alabama. *Id*. at 6. According to Solano-Cruz, "the conspiratorial agreement was formed in Tucson, [Arizona,]" and "Arizona [where Solano-Cruz resided and was arrested] was a proper venue for the conspiracy charge because it was the site of the initial agreement and subsequent phone calls initiated by the Cooperating Witness ('CW') planning the drug transaction." *Id*. Solano-Cruz maintains that if his counsel had raised this venue defense before he pled guilty, this court would have agreed with his argument and dismissed his indictment. *Id*. at 7-8.

Solano-Cruz's trial counsel filed an affidavit addressing this claim as follows:

> Mr. Solano asserts I was ineffective for failing to object and pursue a jurisdictional defense for the conspiracy count as an improper venue for acts that were not committed in Alabama. The indictment, in Count 1, charged Mr. Solano with the following:
>
> > "From in or about December of 2005 until the filing of this

indictment, in Autauga, Elmore, Montgomery, and Covington Counties in the Middle District of Alabama and elsewhere, the defendants, LUIS SOLANO, a.k.a. Gordo; VERONICA LOUIS BARNES; RUDOLFO VALENZUELA, a.k.a. Rudy; RONNIE DALE NOBLE; DANNY EVANS; VERA EVANS; STEVE CATON; ERIC LANE SAUCIER; THOMAS FRANK CAMPBELL, a.k.a. Cherokee; THOMAS JACKSON TAYLOR; THOMAS GEORGE HARTMAN; DANNY LEE WOOD; CHRISTOPHER GILMER, a.k.a. Chris Brown; CASEY BRIAN SHAFFER; PATRICK WAYNE DISMUKES, a.k.a. Dizzy, did knowingly and intentionally conspire, combine and agree with each other and with other persons both known and unknown to the Grand Jury to possess with intent to distribute and distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, and marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).  All in violation of Title 21, United States Code, Section 846."

More specifically, Mr. Solano was involved in numerous drug transactions that were consummated via telephone conversations from co-conspirators in the Middle District of Alabama.  The evidence showed that Mr. Solano was a supplier of multi-pound quantities of methamphetamine to Ronnie Noble, Danny Evans and Vera Evans (co-conspirators).  A wire tap showed that Vera Evans negotiated a purchase of methamphetamine from Mr. Solano on several phone calls during October 27th, 28th and 30th of 2007.  Mr. Solano sold methamphetamines to Ms. Evans on October 30, 20[07].  Also, the evidence showed that one of the co-conspirators purchased up to three pounds of methamphetamine on three to four occasions and had purchased other amounts ten to twelve times from Mr. Solano. On November 7, 2007, Mr. Solano was arrested after a drug sell occurred between Mr. Solano and a Confidential Informant.  My investigation revealed that although Mr. Solano resided in Arizona, venue was proper in the Middle District of Alabama because there were numerous overt acts committed by co-conspirators in the Middle District of Alabama that were in furtherance of the underlying conspiracy.  I met with Mr. Solano on numerous occasions and discussed why he had been indicted in Alabama and the evidence supporting the indictment.  I believe that as a matter of law, venue was proper in Alabama.

Doc. No. 3 at 2-3.

"A conspiracy may be prosecuted in the district where it was formed or in any district where an overt act was committed in furtherance of its objects." *United States v. Schlei*, 122 F.3d 944, 975 (11th Cir. 1997). *See also United States v. Matthews*, 168 F.3d 1234, 1246 (11th Cir. 1999); 18 U.S.C. § 3237(a) ( "[A]ny offense ... begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed."). Where a conspiracy is concerned, an overt act "may be that of only a single one of the conspirators and need not be itself a crime." *Braverman v. United States*, 317 U.S. 49, 53 (1942). "[A]n individual conspirator need not participate in the overt act in furtherance of the conspiracy. Once a conspiracy is established, and an individual is linked to that conspiracy, an overt act committed by any conspirator is sufficient." *United States v. Thomas*, 8 F.3d 1552, 1560 n.21 (11th Cir. 1993). "The overt act need not be committed by a defendant in the case; the acts of accomplices and unindicted co-conspirators can also expose the defendant to jurisdiction. Moreover, the fact that a majority of a conspiracy's activity took place in a venue other than the one where the trial takes place does not destroy venue." *Matthews*, 168 F.3d at 1246 (citations omitted).

Here, Solano-Cruz made multiple sales of large amounts of methamphetamine to his coconspirators. These sales were negotiated and arranged during telephone conversations

between Solano-Cruz, in Arizona, and his coconspirators in the Middle District of Alabama.[2] Thus, his coconspirators committed numerous overt acts in furtherance of the drug conspiracy while in the Middle District of Alabama. These overt acts were sufficient to confer jurisdiction on the Middle District of Alabama. Even though Solano-Cruz's own acts in furtherance of the conspiracy took place in Arizona, the acts of his accomplices and coconspirators exposed him to the jurisdiction of the Middle District of Alabama. *See Matthews*, 168 F.3d at 1246.

Because venue was proper in the Middle District of Alabama, Solano-Cruz's counsel did not render ineffective assistance by failing to argue that venue for the drug-conspiracy charge was improper in this district. Consequently, Solano-Cruz is not entitled to any relief based on this claim.

### C. *Counsel's Failure to Inform of "Buyer-Seller" Defense*

Solano-Cruz next contends that his counsel was ineffective for failing to advise him of the viability of a "buyer-seller" defense, in which it would be argued that Solano-Cruz was merely involved in a buyer-seller relationship with his codefendants, and not a conspiracy. Doc. No. 1 at 9-12.

In his affidavit filed with this court, Solano-Cruz's trial counsel addresses this claim as follows:

Mr. Solano asserts I was ineffective for failing to adequately inform him of the

---

[2] The coconspirators would then travel from Alabama to Arizona to purchase the drugs from Solano-Cruz, and they then returned to Alabama with the drugs.

> potential defense of buyer/seller relationship which did not constitute a conspiracy charge. Prior to my appointment, Mr. Solano had already pled and been sentenced in Arizona (October 6, 2008) for conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine. As stated earlier, Mr. Solano made numerous methamphetamine sells to the co-conspirators and participated in numerous intercepted phone conversations negotiating drug transactions with coconspirators. I met with Mr. Solano on numerous occasions and discussed with him all possible defenses if the case was tried. Early in our discussions, Mr. Solano informed me of his decision to enter a plea. I then pursued a plea agreement based on Mr. Solano's decision to enter his plea. In the best interest of Mr. Solano, I only focused on the plea agreement after Mr. Solano requested me to do so.

Doc. No. 3 at 3-4.

Where "the buyer's purpose is merely to buy, and the seller's purpose is merely to sell, and no prior or contemporaneous understanding exists between the two beyond the sales agreement, no conspiracy has been shown." *United States v. Beasley*, 2 F.3d 1551, 1560 (11th Cir. 1993) (internal quotation omitted). However, "[w]hile the existence of a simple buyer-seller relationship alone does not furnish the requisite evidence of a conspiratorial agreement, an agreement to distribute drugs may be inferred when the evidence shows a continuing relationship that results in the repeated transfer of illegal drugs to a purchaser." *United States v. Thompson*, 422 F.3d 1285, 1292 (11th Cir.2005) (internal quotations omitted).

Here, the evidence of repeated drug transactions between Solano-Cruz and his coconspirators involving large (multi-pound) amounts of methamphetamine demonstrated both "a prior or contemporaneous understanding," *Beasley*, 2 F.3d at 1560, and a "continuing

relationship" as opposed to a simple buyer-seller relationship, *Thompson*, 422 F.3d at 1292. *See United States v. Johnson*, 889 F.2d 1032, 1035 (11th Cir. 1989) (regularity of purchases of cocaine by defendant from his supplier viewed as a refutation that the evidence only showed a buyer-seller relationship); *United States v. Brack*, 188 F.3d 748, 761 (7th Cir. 1999) (stating that repeated sales can be significant in establishing a conspiracy, insofar as they demonstrate prolonged cooperation that implies an agreement to distribute drugs).

Solano-Cruz fails to demonstrate the viability of a "buyer-seller" defense in his case. Consequently, his counsel was not ineffective for failing to advise him that such a defense might or ought to be pursued. And counsel was not ineffective for failing to pursue this defense. Therefore, Solano-Cruz is not entitled to any relief based on this claim.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Solano-Cruz be denied with prejudice, as the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **March 12, 2014**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District

Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 26th day of February, 2014.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE